(Reap. Dec. 9916)

National Carloading Corp. *v.* United States

Entry No. 5230.

(Decided February 15, 1961)

Plaintiff not represented by counsel.

*William H. Orrick, Jr.*, Assistant Attorney General (*Henry J. O'Neill*, trial attorney), for the defendant.

Donlon, Judge: The importer has appealed to reappraisement. The sole claim is that by reason of an error in the entry papers as to date of exportation from West Germany, the appraised export value of some of the entered merchandise (but not all) is higher than it properly should be as of the actual date of the exportation.

The entry papers describe the merchandise as 5,000 bezels. Bezel is defined in the Oxford Universal Dictionary, third edition (1955), as the "groove and flange by which the crystal of a watch or the stone of a jewel is retained in its setting." Importation was for account of General Time Corp., Westclox Division, at La Salle, Ill.

Of the 5,000 bezels of the importation, 4,000 are described as "with glass (material: brass)." It is these 4,000 brass bezels for which reappraisement is sought. No issue is raised as to the value of the 1,000 aluminum bezels.

The entered value of the 4,000 brass bezels was $3,322, which is (in round figures) 83 cents per unit. Because plaintiff was not represented by counsel at the trial, it is difficult to get from the record an orderly statement of facts basic to appraisement. However, it sufficiently appears that the date of exportation shown in the entry papers, September 2, 1958, was erroneous; that the date of exportation actually was September 16, 1958; that, on September 16, 1958, such or similar merchandise was not freely offered in West Germany for sale to all purchasers for home consumption; and that, at the time of exportation, such merchandise was freely offered in West Germany for sale to all purchasers for export to the United States in the ordinary course of trade at 73 cents per piece, plus packing.

That there is no dispute now as to other facts basic to appraisement is confirmed by the following statement on the part of counsel for defendant, as it appears in the trial record:

MR. O'NEILL: I'm willing to stipulate that in light of all the further knowledge that came to the examiner, including the fact that the true date of exportation is September 16, 1958 rather than September 2, 1958, if it were now to come before the examiner for appraisement, he would appraise such merchandise as having an export unit value of seventy-three cents, plus packing, at the true date of exportation i.e., September 16, 1958.

Plaintiff is admonished that the interest of any importer in whose behalf it undertakes litigation, requires that the cause be presented to the court by duly qualified counsel.

I find as facts:

1. That the merchandise of this appeal is 4,000 brass bezels with glass, exported from West Germany, on September 16, 1958.

2. That, at the time of exportation, such or similar merchandise was not freely offered in West Germany for sale to all purchasers for home consumption.

3. That, at the time of exportation, such merchandise was freely offered for sale to all purchasers for export to the United States in the ordinary course of trade at 73 cents per piece, plus packing.

I conclude as a matter of law:

1. That, at the time of exportation, there was no foreign value for such or similar merchandise, as defined in section 402 of the Tariff Act of 1930, as amended.

2. That export value, as defined in section 402 of the Tariff Act of 1930, as amended, is the proper basis of value for appraisement of such merchandise.

3. That the export value of such merchandise is 73 cents per piece, plus packing.

Judgment will be entered accordingly.